## (April 22, 1968)

■ In the Matter of IRVING KELLER, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.— In this proceeding to discipline an attorney, admitted to the Bar on February 16, 1948, respondent has submitted his resignation and has requested this court to accept it. The petition served on respondent contained seven charges: (1) In 1966 respondent was retained to represent defendants in an action for $1,000 for brokerage commissions. Thereafter respondent advised defendants that he had settled the matter for $400. After defendants sent respondent the $400 to consummate the settlement, respondent appropriated the money to his own use and failed to forward the money to plaintiff or its attorney. Thereafter plaintiff in the action obtained a default judgment against defendants for $1,000, without opposition by respondent. Respondent has admitted this charge. (2) After respondent was retained by the clients named in the first charge, respondent advised the clients that he (respondent) had his house for sale for $22,500, subject to a first mortgage of about $14,000. The clients agreed to purchase the house at that price. Respondent represented the clients and himself in the transaction. On July 25, 1967 respondent executed a deed to the clients, subject only to the aforesaid first mortgage. Respondent represented that he would record the deed on behalf of the clients, but failed to do so, although he advised the clients that he had done so. At the closing respondent and his wife delivered an affidavit to the clients that the only incumbrance against title was the existing first mortgage and that there were no judgments against respondent or his wife. In fact, there were two judgments against respondent and his wife for a total of almost $27,000. Respondent has admitted this charge, except that he states that he does not believe he is guilty of perjury in the delivery of the affidavit at the closing. (3) In September, 1965 and again in June, 1967 respondent was retained to prepare and record certain deeds, for each of which respondent received fees. Respondent failed to prepare or record the deeds for either of the conveyances. Respondent admits the charge, but states that the delay in recording the deeds was not prejudicial to the clients. (4) A husband and wife retained respondent to prepare and file a petition in bankruptcy for them, for which they paid respondent $325. At that time there was also a second mortgage against the complaining wife's residence for $1,000. Respondent advised the client not to pay the mortgage. Foreclosure proceedings were commenced. Thereafter respondent falsely advised the client that he had a stipulation of discontinuance of the foreclosure action and not to be concerned. Respondent never commenced the bankruptcy proceeding and the foreclosure of the second mortgage resulted in the loss of the premises to the client. Respondent admits the charge, but states that he made full restitution. (5) Respondent's client contracted for the purchase of a home to be built for $23,000. The client paid a $1,000 deposit; he was to pay an additional $4,000 when the work was begun. Respondent was retained to bring suit for breach of contract. Respondent requested the client to deposit the $4,000 with him to show the client's financial ability to proceed with the contract. Thereafter respondent advised the client that the case was settled for $3,000. The client understood that he was to receive as the result of the settlement the original $1,000 deposit, the $4,000 he had deposited with respondent, and the $3,000. Thereafter the attorney for the contractor advised the complainant that he knew nothing of the settlement and that he considered the $1,000 down payment forfeited by default. After respondent gave the client a series of bad checks and after the client obtained a warrant for respondent's arrest, respondent returned the $4,000. Respondent admits this

charge. (6) In November, 1965 a husband and wife retained respondent to protect their interest with respect to a judgment entered against them. They paid respondent $50 on account of his fees, but thereafter were unable to contact respondent and were compelled to pay the judgment. Respondent admits the charge, but states that he performed some services. (7) In 1967 respondent was retained to represent the sellers on the sale of a home. On the day of closing respondent delivered to his clients two checks on his escrow account for a total of $7,432.50, representing the balance of the purchase price. The checks were returned for insufficient funds. On November 3, 1967 respondent signed an agreement to return to the clients the balance of the purchase price plus the $1,000 delivered by the purchasers to respondent in escrow at the time of the signing of the contract. Some balance of the money remains unpaid as of the present time. Respondent admits this charge. In view of respondent's admissions and the fact that he admits that the charges are sufficiently serious to warrant his removal from the Bar, the resignation is accepted and respondent's name is ordered struck from the roll of attorneys, effective immediately. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.